**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 96-30601
Summary Calendar
_____

CONNIE DONALDSON, wife of/and JOHN DONALDSON,

Plaintiffs-Appellants,

VERSUS

LOUISIANA HEALTH SERVICE AND INDEMNITY COMPANY
D/B/A BLUE CROSS BLUE SHIELD OF LOUISIANA

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(94-CV-1821-F)

_____

December 30, 1996

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Connie D. Donaldson and John D. Donaldson, the appellees, were participants in an employee welfare benefit plan issued through Mr. Donaldson's employer, Jones Brothers Supply, Inc. Blue Cross Blue Shield, the appellant, issued a group medical benefits policy covering that plan. Mrs. Donaldson was covered under the policy issued by Blue Cross Blue Shield effective April 1, 1993.

On July 5, 1993, Mrs. Donaldson sought emergency treatment in

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to this Rule, the Court has determined that this opinion should not be published.

the East Jefferson Emergency Room for severe epigastric pain radiating to her back, nausea, and vomiting. She relayed to the treating physician that she had been experiencing intermittent abdominal pain which felt like "gas" over the past 11 months, just two months after she delivered a baby. She was diagnosed with gallstones by the use of ultrasound, but her symptoms subsided and she was discharged. On July 8, 1993, Mrs. Donaldson again went to the emergency room with similar pain, nausea and vomiting. The pain subsided and she was once again discharged. On July 13, 1993, Mrs. Donaldson was readmitted and Dr. Richard Karlin performed an endoscopic cholecystectomy (surgical removal of the gallbladder). Blue Cross denied coverage claiming that Mrs. Donaldson's illness fell under the pre-existing condition exclusion of the Blue Cross policy.

Dr. Richard M. Karlin, Mrs. Donaldson's treating physician, submitted a letter stating that Mrs. Donaldson was a woman who had no proven history of gall stones and that her condition was not pre-existing. Dr. William M. Meyers, her emergency room physician, wrote a letter clearly stating that Mrs. Donaldson's gall bladder symptoms arose shortly before her hospitalization. Blue Cross still denied coverage. The Donaldsons filed suit and the case was removed under the Employee Retirement Income Securities Act of 1974, 29 U.S.C. § 1001, *et seq.* The plaintiffs then moved for summary judgment.

A hearing took place on May 3, 1995, wherein Magistrate Judge Ivan Lemelle of the Eastern District of Louisiana, granted plaintiffs' motion and remanded the case to Blue Cross for further investigation into the existence of a pre-existing condition.

On remand, Blue Cross's Medical Director, Dr. J.G. Gengelbach reviewed the claim and affirmed the denial of coverage. Dr. Gengelbach's conclusion was based on the assertion that pregnant patients "generally" become symptomatic after delivery and that this appeared to be the case with Mrs. Donaldson. No further investigation was conducted by Blue Cross.

The plaintiffs then filed a motion for summary judgment and Blue Cross filed a cross motion for summary judgment. A hearing was held before Magistrate Judge Lemelle on May 1, 1996. On June 12, 1996, he granted plaintiffs' motion and denied Blue Cross's motion.

Upon applying the applicable standard of review and reviewing the facts in the record as well as the parties' briefs, we find that, under the law, the lower court did not err in granting plaintiffs' summary judgment or awarding attorney's fees.

AFFIRMED.